HI-WAY MOTOR CO. v. SERVICE MOTOR CO. et al.

No. 4390. Decided July 28, 1926. Rehearing Denied Sept. 15, 1926.
(249 P. 133.)

*Fonnesbeck & Nelson,* of Logan, for appellant.

*Young & Bullen,* of Logan, for respondents.

FRICK, J.

Appellant commenced this action in the district court of Cache county, Utah to recover the sum of $150 from the respondents as damages, which appellant claimed it suffered through the alleged wrongful acts of respondents.

In view of the legal questions involved it becomes necessary to state the operative acts alleged in the complaint in detail. After stating the jurisdictional facts and matters of inducement, the complaint proceeds:

"That on or about the 19th day of February, 1925, the plaintiff was lawfully in possession of a certain secondhand, Ford sedan motorcar of the value of about $150, which car had been turned over and delivered to the plaintiff by one Hyrum Jensen, the legal owner thereof, for the purpose as agreed with the said Hyrum Jensen, that the plaintiff should find a purchaser therefore and thus dispose of the said car, and when thus disposed of that the plaintiff should apply the purchase price of the said second hand Ford sedan, or the value thereof, on a new Star sedan motorcar, which the said Hyrum Jensen was, in case of such sale, to purchase from the plaintiff. That on and prior to the 19th day of February, 1925, the defendant Rulon Johnson was the agent of and employed by the defendant Service Motor Company as its general sales agent. That on the said 19th day of February, 1925, after the plaintiff had found a purchaser for the said Ford sedan car, but before the said car had been delivered to the plaintiff's purchaser of the same, the defendants wrongfully and unlawfully took and carried away the said car from the plaintiff's place of business in Logan City, Utah, and converted and disposed of the same to their own use, and the plaintiff was thereby prevented from completing its said sale by delivering said Ford sedan car to its purchaser and from making its said car deal with Hyrum Jensen, to the damage of the plaintiff in the sum of $150."

Plaintiff prayed judgment for said sum of $150, together with legal interest.

The respondents in their answer to the complaint denied all the allegations contained therein except that Hyrum

Jensen was the legal owner of the Ford sedan motorcar. They also set up an affirmative defense. However, in view of the conclusions reached herein, it is not necessary to refer to that defense. The legal effect of the evidence produced on behalf of appellant is: That one Hyrum Jensen was the owner of a secondhand Ford sedan motorcar which he was desirous of selling, with the view of purchasing another motorcar and applying the proceeds he should receive for the secondhand Ford car upon the purchase price of a new one, preferably a new Ford sedan car; that appellant was a dealer in Star motorcars at Logan, Utah, but did not have such a car in its place of business at Logan, but had one in stock at its place of business in Pocatello, Idaho; that Jensen was willing to take $175 for his old Ford sedan, and appellant was willing to allow him that amount for it if Jensen should purchase a new Star sedan motorcar, the price of which was $995; that in case appellant should receive more than $175 for the old Ford sedan Jensen should receive credit for the full amount that appellant should receive for the same; that in the conversation between the manager of appellant and Jensen it was stated that in case the old Ford sedan was sold and Jensen purchased a new Star sedan the difference between what was realized for the old Ford sedan and the purchase price of the new Star sedan was to be paid by Jensen to appellant; that Jensen was not certain whether he could pay the full amount of the difference in cash. In that regard appellant's manager testified that Jensen said, "It will crowd me a little to pay cash." The manager also testified that Jensen said he could pay most of the difference in cash and would arrange for the balance. He further testified: "I told him we could handle his note if necessary. We would settle that when we delivered the Star sedan." Jensen then "turned over" his old Ford sedan to appellants so that if it found a purchaser for the car it could sell the same. Appellant accordingly sought a purchaser and found one who was willing to take the old car but who objected to taking it in the condition it then

was, namely, with three wire wheels and one wooden wheel. The prospective purchaser was willing, however, to take the car if appellant would substitute three wooden wheels for the three wire wheels then on the car. Appellant therefore held the old sedan car for the purpose of changing the wheels. When the negotiations had arrived at that stage the respondent Service Motor Company, through its agents, undertook to make a trade with Jensen by taking his old Ford sedan for a stipulated price and apply the same on a new Ford sedan. The price of the new Ford sedan was less than the price of the Star sedan which appellant offered to sell Jensen. Jensen then informed the respondents where his old Ford sedan was, and respondents obtained the same from the garage of appellant without obtaining its consent so to do. Jensen then entered into an agreement with the respondent Service Motor Company, and that company took Jensen's old Ford sedan and sold him a new one and applied the price agreed upon for the old on the new sedan. In doing that the pending deal between Jensen and appellant failed of consumation, and appellant lost whatever profit it would have made in the trade with Jensen had it been fully consummated.

After the foregoing facts had been made to appear and the appellant had finally concluded its evidence the respondents interposed a motion for a nonsuit, which was denied. The respondents then produced evidence in support of their affirmative defense, which it is not necessary to state here.

After both sides had rested respondents moved for a directed verdict, upon grounds fully set forth in the motion, which was granted by the court upon the ground that appellant had failed to establish an enforceable contract. The jury was therefore directed to return a verdict in favor of the respondents. After the verdict was returned the court entered judgment thereon, from which judgment this appeal is prosecuted. The principal error assigned by appellant is that the court erred in directing a verdict and in entering judgment in favor of respondents.

It will be observed that appellant's complaint proceeds upon the theory that it had obtained title to the old Ford sedan, and that the acts of the respondents, as hereinbefore outlined, constituted a conversion of its property. In answer to the foregoing contention respondents insist that the negotiations between Hyrum Jensen and the appellant had failed of consummation and that the title to the old Ford sedan never passed or vested in appellant.

It is no doubt true that, unless the minds of Hyrum Jensen and the manager of appellant had fully met respecting all of the essential terms of the alleged contract ■ for the sale of the Ford sedan and the purchase of the Star sedan, the alleged contract failed of consummation, and hence appellant cannot recover damages for a breach thereof, nor can it sustain an action of trover for the value of the old Ford sedan. It certainly is true that:

"In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understanding alike there can be no assent, and, therefore, no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms." 13 C. J. 263, § 48.

Further:

"Where the parties have left an essential part of the agreement for future determination, it is no doubt correct to say that the contract is not completed." 6 R. C. L. p. 643, § 59.

It seems entirely unnecessary to multiply authority upon a proposition so elementary as the one here in question, and we shall refrain from doing so. To the mind of the writer it is perfectly clear that no binding contract existed between Hyrum Jensen and the appellant. In this connection it should be remembered that Jensen had not even seen the Star sedan, and the agreement between him and the appellant upon some material terms was merely tentative. For example, the question of how much of the purchase price

of the Star sedan Jensen should pay in cash, how much should be settled by the execution of a note, and the length of time the note should run, were all left for future determination. All of these constituted essential elements, and until fully agreed upon by both parties either one had the right to refuse the terms of payment which might be proposed by the other; hence, the contract was incomplete and unenforceable. Nor does the fact that Jensen left the old Ford sedan with appellant to be sold by it and the proceeds of the sale accounted for to Jensen alter the legal effect of the transaction. Nor did it vest the title of the car in appellant. Such was not the intention of the parties and such was not the legal effect of the transaction as it then stood. Under the facts, as proved by appellant, Jensen could call for and repossess himself of the old Ford sedan at any time before the same had been sold to some third person by the appellant. The latter had received the old Ford sedan merely as the agent of Jensen for the purpose of selling the same, and, if sold, to credit Jensen with the proceeds if Jensen and appellant should finally come to an agreement respecting the terms of payment for a new Star sedan. In such event the amount obtained for the old Ford sedan was to be applied as part payment for the new Star sedan, but in no event was Jensen to receive less than $175 if he purchased a new Star sedan. He, however, was to receive the full amount for which the old Ford sedan should be sold, whatever that amount might be.

In view of the foregoing facts, which are not in dispute, whatever wrong the respondents may have committed against the appellant, it is clear that they did not convert its property to their own use, as alleged in the complaint. If respondents were not guilty of conversion this appeal must fail. It may well be that if respondents had not interfered with the negotiations pending between Jensen and appellant they would finally have agreed upon terms of payment respecting the Star sedan, and Jensen, perhaps, would have purchased and paid for the same. The terms of the con-

tract of sale, however, were incomplete, and hence the contract remained unenforceable. In this connection it must be remembered that the alleged contract which appellant seeks to enforce was executory, and the burden was upon it to prove a contract complete in all its essential terms. Where a contract is either wholly or only partly executed, some essential element or elements are very often waived. Such is not the case, however, in purely executory contracts which are sought to be enforced for alleged breaches.

The respondents have urged other reasons why this appeal should not prevail, but, in view of the foregoing, it is not necessary to consider them.

From what has been said it follows that the judgment should be and it accordingly is affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.